# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| H & W INVESTMENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1: 12-cv-02251-JDB-egb |
| 1580 INDUSTRIAL PARK INVESTORS, ) | |
| LLC, and 1600 INDUSTRIAL PARK ) | |
| INVESTORS, LLC., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On referral for report and recommendation is Plaintiff H & W Investments, Inc.'s Motion for a Default Judgment against Defendants 1580 Industrial Park Investors, LLC and 1600 Industrial Park Investors, LLC [D.E. 23].

## Relevant History

On March 28, 2012, Plaintiff filed its Complaint for Money Damages for Breach of Promissory Notes and Guaranty Agreements. Attorney Melissa Maravich appeared as Counsel for the Defendants and filed their Answer to this Complaint [D.E. 7]. On December 6, 2012, Ms. Maravich was permitted to withdraw as Counsel for the Defendants [D.E. 22]. Within this same Order, the Defendants were ordered by the Court: "to advise the Court within thirty days of the entry of this Order of the name(s) of the attorney(s) who will be representing them. Defendants are advised that they may not represent themselves or be represented by an individual not a licensed attorney. Failure of the Defendants to have legal counsel is equivalent to them not appearing in this case." The case was stayed thirty days from the entry of this Order on December 6, 2012. The Clerk was advised to send a copy of this Order to the Defendants

through their representatives. A copy of the Order was mailed to Defendants through Attorney Maravich on December 6, 2012.

On January 29, 2013, Plaintiff filed this Motion for Default Judgment asserting that the Defendants had not named attorneys to represent them. [D.E. 23]. On January 30, 2013, the Clerk entered default against these two Defendants. To date, Defendants have made no response and have failed to retain counsel.

The law is clear that corporations may not proceed in a case *pro se*. *See Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohen,* 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."); *Grainger v. Solomon,* 2008 U.S. Dist. LEXIS 72337, at *3 (E.D. Tenn. Aug. 12,2008) (accord). These two corporations have failed to and cannot "otherwise defend" the instant action. See Fed. R. Civ. P. 55(a); *Rhino Assocs., L.P. v. Berg Mig. & Sales Corp.,* 2008 U.S. Dist. LEXIS 2379, at *6 (M.D. Pa. Jan. 11, 2008) (entering default against corporate defendant who had filed an answer and then had its counsel withdraw, because the corporation failed to "otherwise defend" the action by not obtaining substitute counsel). Plaintiff, therefore, is entitled to a default judgment as to their claims against Defendants 1580 Industrial Park Investors, LLC and 1600 Industrial Park Investors, LLC.

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller

& Kane, Federal Practice and Procedure: Civil 2d 2688.  Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled.  *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983).  However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d 2688.

In this case, as previously stated, Defendant Corporations are in default and Entry of Default has been made.  Regarding damages, finding that the damages are a sum that can be made certain by computation, and pursuant to Rule 55(b)(2)(B), this Court finds no hearing necessary and recommends that Plaintiff should be awarded those damages enumerated in its Motion.  Plaintiff should therefore submit an affidavit attesting to Plaintiff's counsel's reasonable and necessary fees and expenses, as well as the exact amounts of the damages sought.[1]

Respectfully Submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  **March 7, 2013**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[1] For example, Plaintiff asks for the "value of the razed buildings" but does not state what that amount actually is.