IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

H & W INVESTMENTS, INC.,

      Plaintiff,

v.                                                                    No. 12-2251

1580 INDUSTRIAL PARK
INVESTORS, LLC, AND 1600
INDUSTRIAL PARK INVESTORS,
LLC,

      Defendants.
_____

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN
PART AND DENYING IN PART
_____

On January 29, 2013, H & W Investments, Inc. ("Plaintiff") filed a motion for default judgment against Defendants 1580 Industrial Park Investors, LLC and 1600 Industrial Park Investors, LLC. (Docket Entry ("D.E.") 23.) The Court referred the motion to United States Magistrate Judge Edward G. Bryant for a report and recommendation. (D.E. 26.) On March 7, 2013, Judge Bryant issued a report recommending that Plaintiff be granted default judgment and ordered Plaintiff to "submit an affidavit attesting to Plaintiff counsel's reasonable and necessary fees and expenses, as well as the exact amounts of the damages sought." (D.E. 27 at 3.)

Plaintiff filed a motion to substitute counsel (D.E. 29) which was granted by this Court on May 22, 2013 (D.E. 30). On August 8, 2013, upon failure to submit the requested affidavit, Judge Bryant ordered Plaintiff to show cause why its claims should not be dismissed for failure to prosecute. (D.E. 31.) Plaintiff responded to the show cause order with a statement of fees and damages on August 20, 2013. (D.E. 34.) The magistrate judge subsequently issued a

supplemental report recommending "that Plaintiff be awarded a judgment of $1,527,263.35 together with $65,000 attorneys' fees and expenses." (D.E. 36 at 2.) Finding Plaintiff's explanation of attorneys' fees inadequate, the Court ordered Plaintiff's counsel to submit "a supplemental affidavit providing a more detailed explanation of how the requested attorneys' fees were incurred and calculated." (D.E. 37.) Counsel submitted the affidavit on September 13, 2013 with attached billing records from Plaintiff's previous counsel. (D.E. 40.) He stated that

> [w]hile counsel believes that the approximately $20,000 (out of $65,000 previously requested) in requested attorney fees attributable to Evans Petree's representation in fact understates the amount of reasonable and necessary attorney fees under the relevant promissory notes, counsel for Plaintiff has determined that isolating and detailing these fees directly attributable to the Defendant's acts giving rise to this lawsuit (as opposed to legal services in other matters not necessarily related hereto) is logistically extremely difficult in light of the comprehensive legal services provided, and the corresponding billing records reviewed, by undersigned counsel.

(Id. at 3.) Counsel thereafter directed the Court to the "more easily identifiable attorney fees" of $48,740.13 on the attached billing records. (Id.) Upon reviewing these records and the affidavit, the Court finds that Plaintiff has adequately shown that the $48,740.13 of fees specifically identified in the records is reasonable. In addition to discussing fees, Plaintiff further clarified in the affidavit that the total amount of asserted damages, not including attorneys' fees, was actually $800,000, instead of the $1,527,263.35 reflected in the August 21, 2013 report and recommendation.[1]

To date, no objections to the report and recommendations have been filed and the time for such objections has expired. Upon review of the reports, they are hereby ADOPTED in part

---

[1] Plaintiff stated that it had "discovered that the August 21st Supplemental Report and Recommendation may have misunderstood Plaintiff's itemization, mistaking the components for additions." (D.E. 40 at 3.)

and DENIED in part. The Court GRANTS Plaintiff's motion for default judgment (D.E. 23) and

awards Plaintiff damages of $800,000 and attorneys' fees and expenses of $48,740.13.


IT IS SO ORDERED this 26th day of September 2013.


s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE